(Reap. Dec. 10711)

T.A.P. EQUIPMENT CO., DBA
THRIFTY EQUIPMENT CO.
JAMES G. WILEY ET AL.
} v. UNITED STATES

Entry No. 4148, etc.

(Decided April 7, 1964)

*Lawrence & Tuttle* and *Glad & Tuttle* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement listed on schedule "A," attached hereto and made a part hereof, have been submitted for decision upon the following stipulation entered into between counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the court, as follows:

1. That the appeals for reappraisement set forth in Schedule "A" hereto attached and made a part hereof are limited to the merchandise entered or withdrawn from Customs warehouse for consumption before the effective date of the Customs Simplification Act of 1956 and shown on the invoices as having been shipped by The Tractor Parts & Equipment Co.

2. That the said merchandise consists of tractor parts exported from Italy and the issues involved herein are the same in all material respects as those involved in *Thrifty Equipment Co., T. D. Downing Co.* v. *United States*, Reap. Dec. 10466, and that the record in the cited case may be incorporated in the record herein.

3. That at the time of exportation to the United States, the prices at which such or similar merchandise was freely sold or offered for sale in the principal markets of Italy, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the invoiced unit values, plus 25% net packed; and that the foreign value was no higher.

4. That the appeals for reappraisement set forth in Schedule "A", are submitted on this stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402(d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved and that such values were the invoiced unit values, plus 25 per centum, net, packed.

Judgment will be entered accordingly.